CASE 41—PETITION EQUITY—JULY 9.

# Todd & Co. vs. Hartley, &c.

### APPEAL FROM KENTON CIRCUIT COURT.

1. A voluntary conveyance by a debtor, though void as to his debts or demands existing at the time of the execution of the conveyance, is not, on that account *alone*, void as to debts thereafter contracted. (*Rev. Stat., chap.* 40, *sec.* 2, *page* 363.)

A voluntary conveyance by a debtor, not intended by him or the grantee as a fraud upon existing or subsequent creditors of the grantor—assailed by a creditor upon indebtedness of the grantor, a part of which existed at the time of the execution of the conveyance, and a portion created after its execution when the creditor was apprised of it. *Held*—to be void as to the indebtedness existing at the time of the conveyance, but valid as to that created after its execution.

MENZIES & PRYOR for appellants.

BENTON & NIXON, for appellees.

JUDGE STITES DELIVERED THE OPINION OF THE COURT:

The unsatisfactory, inconsistent, and contradictory statements of Asher, when considered with the other facts and evidence in the cause, leave but little room to doubt that the deeds from

Hartley and wife to Asher, and from him to Mrs. Hartley, were in effect voluntary conveyances, made without any substantial consideration to uphold them.

But though voluntary, it by no means follows that the deeds are void *in toto*, or that the entire property embraced therein is subject to the payment of appellants' present demands against Hartley.

Whatever may have been the rule upon this subject heretofore, it is now fixed by the Revised Statutes, (*chap.* 40, *sec.* 2, *p.* 363,) wherein it is provided, that—

"Every gift, conveyance, assignment, transfer, or charge made by a debtor, of or upon any of his estate without valuable consideration therefor, shall be void as to all his then existing liabilities, but shall not, on that account *alone*, be void as to creditors whose debts or demands are thereafter contracted, or as to purchasers with notice of the voluntary alienation or charge; and though it be adjudged to be void as to a prior creditor, it shall not, therefore, be decreed to be void as to such subsequent creditors or purchasers."

It is not shown in this case that Mrs. Hartley, the grantee of Asher, and wife of Hartley the debtor, or that Asher or Hartley, at the time of making the conveyances, intended any fraud upon subsequent creditors of Hartley, or even as to his then existing creditors. On the contrary, Todd & Co. seem to have been fully cognizant of the deeds from the time they were executed, and to have acquiesced in Mrs. Hartley's claim to the property.

So that the only available pretext for assailing the conveyances is, that they were voluntary; and the rule prescribed by the section *supra* applies directly to them. We have, therefore, only to inquire what balance was due to Todd & Co. from Hartley at the time this suit was brought on indebtedness existing on the 9th June, 1853, when the deed to Asher was made.

This can be easily determined by reference to the account current furnished by Todd & Co., which presents in detail the several transactions between them and Hartley & Read up to March 30, 1854, when the notes of that date were executed; for it is not pretended that any part of Hartley's indebtedness

to Todd & Co., outside of those notes, was created prior to the execution and registration of the deeds in question.

This account shows that the total amount of debits against Hartley & Read up to the 9th June, 1853, was $2,509 53, and that the aggregate of their credits up to the same period was $1,869 57, leaving a balance then against them of $639 96. This balance seems not to have been increased by any new debits until after the 28th February, 1854, at which time they made a payment of $530; which should be applied as a credit on the previous balance, and which reduces the amount then due and owing Todd & Co. to $109 96.

There seems to have been no new charges after this last payment until the 25th March, 1854, at which time, as the evidence clearly shows, Todd & Co. were fully apprised of the deeds in question.

So that of the balance due Todd & Co. on the 9th June, 1853, there remains only $109 96, after applying the proper credits.

This estimate, though variant from that of the witness Johns, is based upon the account current which he furnishes as a transcript from the books of Todd & Co., and its correctness is demonstrable by a reference to the account.

To the extent, therefore, of this balance of $109 96, with interest from the 9th June, 1853, it seems to us that the property mentioned in the conveyance was liable; and that the circuit court, instead of dismissing the petition, should have so adjudged.

Wherefore, the judgment is reversed, and cause remanded for a judgment, and other proceedings not inconsistent with this opinion.